[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 41, and the defendant husband, 51, married on October 15, 1989 in Port Chester, New York after living together for several years. Both parties are in good health and are now gainfully employed, the plaintiff as a self-employed L.P.N. earning $520.00 net weekly and the defendant by Westchester Tire Co., Inc. earning $453.00 weekly. Neither party requests periodic alimony. The parties' dispute centers on pieces of missing jewelry.
The parties' final separation occurred on August 4, 1994 when the plaintiff left the marital home following an altercation. The plaintiff returned a few days later, accompanied by police, to retrieve her belongings. While the police and the defendant remained downstairs, the plaintiff went upstairs.
In a closet she had a hanging safe which she used to hold her jewelry when the items were not in a bank safe deposit box. She carried the safe downstairs and opened the box in the presence of the defendant, claiming the jewelry was missing.
The plaintiff has made two insurance claims with the second still pending. This court is not able to conclude where the jewelry was or is now and leaves the plaintiff to her civil remedies.
After the marriage each party managed their separate finances, contributing to common expenses until they opened a joint bank account when they moved to Westport in 1993.
The plaintiff closed the joint account in the Fall of 1994, retaining the $3,200.00 balance. The defendant had contributed $3,500.00 as the initial deposit to the joint account. The court concludes that except for an occasional gift of jewelry from the defendant, the parties managed their finances so that neither became indebted to the other. CT Page 11425-a
The allegations of the complaint are found proven and true. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown. No alimony is awarded. The plaintiff's maiden name, Castronovo, is restored to her. The cross-complaint is dismissed as moot.
The parties dispute several items of personal property. Each party shall retain the items as stipulated in writing[1] except for rabbit painted cabinet and boxes #1, #2, #3, #4, #6 and #7 on Plaintiff's Exhibit #13 which the defendant shall return to the plaintiff at a mutually convenient time. The defendant shall retain box #4 and the grandfather clock.
The security deposit balance of the $1,646.00 shall be released to the plaintiff to help her defray her legal expenses. No order is made regarding the IRS obligation.
Counsel for the plaintiff shall prepare the judgment file.
HARRIGAN, J.
STIPULATION RE PERSONAL PROPERTY
HARRIGAN, J.
The plaintiff-wife shall be entitled to the following:
1. 8" color television.
2. Steak knives and serving pieces.
3. Blue down sofa.
4. Victorian love seat.
5. Hat rack.
6. Small marble-topped table.
7. Easel with pegs.
8. Oak cabinet.
9. Dining room table and chairs. CT Page 11426
10. Corner cabinet.
11. Victorian lady's chair.
12. Marble-topped dresser and mirror.
13. Dry sink.
14. Spode china.
15.
16.
17. Baseball picture from T.V. room.
18. Stereo.
19. Small camera from first husband.
20. Two wedding gowns.
21. Kitchen and living room curtains.
22. Table and chairs made by father.
23. Pine end table.
24. Pine rack.
25. Gas grill.
26. Outdoor light.
27. Brown Jordan table and chairs.
28. Cutting board.
29. Calaphon pot rack.
30. Blue and white rug.
31. Black and gold rocker.
32. Brass hat rack. CT Page 11427
33. Electrolux vacuum cleaner.
34. Horse and dolls.
35. Cellular telephone base.
36.
37. Silver chest.
38. Electric screwdriver — stapler and tools from toolbox.
39. Air conditioner that belongs to her brother.
40. Car key. Lease Agreement
41. Cast iron pots which belonged to her grandmother.
42. Wine and cordial and 1/2 of drinking glasses.
43. Bathroom scale.
44. White and ecru dust ruffles and shams.
 45. Statue of Blessed Virgin Mary and Infant of Prague and Holy Water.
46. St. Francis statue.
47. Blue and white Deedham pottery clock.
48. 1/2 of kitchenware.
49.
50. Long oak mirror.
The defendant-husband shall be entitled to the following:
1. Microwave.
2. Espresso machine.
3. Coffee maker with timer. CT Page 11428
4. Big screen T. V.
5. Silverware.
6. Child's rolltop desk.
7. Stacked end tables from T. V. room.
8. One camera.
9. All curtains except for kitchen and living room curtains.
 10. Metal frames, box springs, mattresses, headboards, foot rails and side rails to twin beds.
11. Rattan sofa and chair.
12. Lazyboy rocker.
13. Pine rocking chair.
14. Two Victorian chests of drawers.
15. Outdoor furniture.
16. Marble-topped chest.
17. Assorted tables.
18. Three cedar chests.
19. Motorcycle jacket.
20. Lladro figurine.
21. Shiatsu massager.
22.
23.
24.
25. 1/2 of kitchenware. CT Page 11429
26. Float.
27. CB and antenna.
28. Small Scroll Mirror.
CYNTHIA LOVALLO, THE PLAINTIFF
ROCCO LOVALLO, THE DEFENDANT
THE PLAINTIFF
By __________________________ MARGARET M. DORSEY 125 MASON STREET GREENWICH, CT 06830 869-6767
THE DEFENDANT
By __________________________ LOUISE T. TRUAX BERKOWITZ BALBIRER, P. C. #03792, HIS ATTORNEYS P.O. BOX 808, WESTPORT, CT 06881 226-1001